UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MEJIA,<br><br>        Plaintiff,<br><br>    v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>        Defendant. | Case No. 21-cv-01351-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. Nos. 8, 9 |

Pro se Plaintiff Jose Mejia initially brought this suit against Defendant JPMorgan Chase Bank in San Francisco Superior Court, alleging that Defendant committed professional negligence when it sent Plaintiff's mortgage loan information to a third party. Dkt. No. 1-1 ("Compl."). On February 24, 2021, Defendant removed the case on the basis of diversity jurisdiction. Dkt. No. 1. Pending before the Court is Defendant's motion to dismiss Plaintiff's complaint. Dkt. No. 8 ("Mot."). The Court held a hearing on the motion to dismiss on June 3, 2021. For the following reasons, the Court **GRANTS** the motion to dismiss with **LEAVE TO AMEND**.

## I. BACKGROUND

According to the Complaint, Plaintiff engaged in a mortgage loan agreement with Defendant. Compl. at 1. Plaintiff alleges that Defendant negligently faxed Plaintiff's private information and a request for loan payment to an unauthorized third-party title agency called Orange Coast Title Company ("Orange Coast"), resulting in the sale of the security instrument. *Id.* at 2. Orange Coast then paid off the mortgage loan without Plaintiff's knowledge or authorization, which in turn enable the sale of the property. *Id.* Plaintiff claims that he was damaged because he did not receive any proceeds from the sale. *Id.*

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). The Court also need not accept as true allegations that contradict matter properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. *Sprewell*, 266 F.3d at 988.

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). In addition, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require

2

"a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

Yet even if the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

### A. Request For Judicial Notice

In support of its motion to dismiss, Defendant submitted a Request for Judicial Notice of the following documents:

| Exhibit | Description |
| --- | --- |
| A | Deed of Trust recorded with the San Francisco Assessor-Recorder on April 6, 2013 as DOC-2013-J637430-00 |
| B | Deed of Trust recorded with the San Francisco Assessor-Recorder on May 19, 2016 as DOC-2016-K246274-00 |
| C | Notice of Default recorded with the San Francisco Assessor-Recorder on January 22, 2019 as DOC-2019-K722838-00 |
| D | Notice of Trustee's Sale recorded with the San Francisco Assessor-Recorder on April 25, 2019 as DOC-20190-K759949-00 |
| E | Trustee's Deed Upon Sale recorded with the San Francisco Assessor-Recorder on June 12, 2019 as DOC-2019-K781170-00 |
| F | Grant Deed recorded with the San Francisco Assessor-Recorder on June 12, 2019 as DOC-2019-K781171-00 |
| G | Grant Deed recorded with the San Francisco Assessor-Recorder on March 24, 2020 as DOC-2020-K917702-00 |

Dkt. No. 9 ("RJN").

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the judicial notice rule and incorporation by reference doctrine. *See* 899 F.3d 988 (9th Cir. 2018). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records."

*Khoja*, 899 F.3d at 999 (citation and quotations omitted). The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id*. at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*.

The documents at issue here are matters of public record not generally subject to dispute, and it does not appear that Plaintiff has any objections to Defendant's request for judicial notice. *See* Dkt. No. 18. Accordingly, the Court finds that judicial notice is appropriate. *See, e.g.*, *Perez v. Am. Home Mortg. Servicing, Inc.*, No. C 12-00932 WHA, 2012 WL 1413300, at *2 (N.D. Cal. Apr. 23, 2012) (taking judicial notice of deed of trust, notice of default, assignment of deed of trust, and substitution of trustee, all recorded with Alameda County Recorder's Office).

The judicially-noticed documents provide additional context to Plaintiff's allegations. Plaintiff owned a property in San Francisco, and on April 3, 2013, he obtained a loan from Defendant ("Chase Loan") for $326,700.00 secured by a Deed of Trust ("Chase DOT") against the property. RJN, Ex. A. On April 2, 2016, Plaintiff obtained a loan from Bank of America ("BoA Loan"), which was also secured by a Deed of Trust ("BoA DOT") against the property. RJN, Ex. B.

On January 22, 2019, a Notice of Default was recorded indicating that Plaintiff had defaulted on the BoA Loan. RJN, Ex. C. On April 25, 2019, BoA recorded a Notice of Trustee's Sale, setting a foreclosure sale for May 23, 2019. RJN, Ex. D. On June 12, 2019, a Trustee's Deed Upon Sale was recorded indicating that the property was sold at the scheduled foreclosure sale. RJN, Ex. E. An entity named Paper Atlas LLC ("Paper Atlas") purchased the Property for $555,000.00, subject to Chase's lien. *Id.* The Trustee's Deed indicates that at the time of the foreclosure sale the amount of unpaid debt was $106,510.11. *Id.*

On June 8, 2019, Paper Atlas executed a grant deed, transferring the Property to an individual named Brian Ho. RJN, Ex. F. Brian Ho, according to the grant deed, is Paper Atlas's Manager. *Id.* Brian Ho sold the Property in March 2020 to a third-party purchaser for $1,215,000.00, as reflected in another grant deed recorded on March 24, 2020. RJN, Ex. G.

On March 4, 2020, Brian Ho requested payoff information for the Chase Loan, via the Orange Coast Title Company referred to in Plaintiff's Complaint.[1] Dkt. No. 8-1.

### B. Defendant's Communications With Plaintiff

In its motion to dismiss, Defendant states that it responded to the request with the requested payoff information and refers to Exhibit A to the Complaint.[2] Mot. at 5. The document referred to by Defendant appears to be a fax. Plaintiff. Compl., Ex. A. The fax cover sheet indicates that the "Deliver To" recipient is "Jose Mejia Jr," i.e. Plaintiff. *Id.* The fax provides Plaintiff's account number and instructions on how to pay off Plaintiff's mortgage. *Id.* The total payoff amount due is $283,350.83. *Id.* The fax also contains a Confidentiality Notice. *Id.*

It is unclear from the Complaint and its exhibits when Plaintiff was made aware of the foreclosure of his BoA Loan, the sale of the property, its purchase by Brian Ho, the subsequent sale by Brian Ho, and the payoff of the Chase Loan. But Exhibit E attached to the Complaint is a message from Defendant to Plaintiff indicating that Defendant received the payoff funds of $283,350.83 on March 25, 2021 from Orange Coast. Compl. at 2 and Ex. E.

### C. Motion To Dismiss

Based on the Complaint and its exhibits, as well as the judicially-noticed documents, Defendant argues that Plaintiff's negligence and breach of contract claims fail because it had a statutory duty to respond to Orange Coast's payoff information request and because Plaintiff fails to adequately allege either of his claims. Mot. at 3. In his Opposition, Plaintiff states that "A Letter from the Defendant JPMorgan Chase To the Plaintiff Jose Mejia, was unintentionally sent to a company to which Jose Melia never had communication, contact or a relationship of any kind." Dkt. No. 16 at 2. He continues by stating that "JPMorgan Chase's statutory obligation to

---

[1] The Court finds that this payoff request from Orange Coast is properly subject to incorporation by reference. Incorporation by reference is appropriate "if the plaintiff refers exclusively to the document or the document forms the basis of plaintiff's claim." *Khoja*, 899 F.3d at 1002. Here, Plaintiff refers specifically to Orange Coast's payoff of the Chase Loan, and Defendant's response to Orange Coast's payoff request forms the basis of Plaintiff's claim for professional negligence. Compl. at 2.

[2] The documents attached to Plaintiff's Complaint are not separated into designated exhibits. For ease of reference, the Court will refer to the first document as Exhibit A, the second as Exhibit B, and so forth. *See* Dkt. 1-1 at 6-12 of the ECF file.

5

provide Jose Mejia's requested Payoff Statement was compromised by its own careless actions. Jose Mejia's requested payoff statement, by sheer Negligence on the part of JPMorgan Chase was faxed to the WRONG number." *Id.* at 3. Plaintiff's argument seems to be that Defendant had intended to send the payoff information to Plaintiff rather than to Orange Coast, but negligently sent the payoff information to Orange Coast which allowed Orange Coast to pay off the Chase Loan.[3]

Defendant relies on California Civil Code § 2943(c), which states, in relevant part, that the beneficiary of a deed of trust "shall, on the written demand of an entitled person, or his or her authorized agent, prepare and deliver a payoff demand statement to the person demanding it within 21 days of the receipt of the demand." Cal. Civ. Code § 2943(c). The Civil Code defines "entitled person," in relevant part, as "the trustor or mortgagor of, or his or her successor in interest in, the mortgaged or trust property or any part thereof." Cal. Civ. Code 2943(a)(4). California statute also provides for liability if a beneficiary fails to respond to a demand for payoff information. *See* Cal. Civ. Code 2943(e)(4) ("If a beneficiary for a period of 21 days after receipt of the written demand willfully fails to prepare and deliver the statement, he or she is liable to the entitled person for all damages which he or she may sustain by reason of the refusal . . . .").

Plaintiff fails to respond to Defendant's argument that, based on judicially-noticeable grant deeds, Brian Ho was Plaintiff's "successor in interest" in the Property, as the post-foreclosure owner and thus entitled to demand the payoff information provided by Defendant. *See* Mot. at 4; RJN, Exs. E-F. This may stem from Plaintiff's confusion about the information he was sent following Orange Coast's demand for payoff information. As noted above, it appears that Defendant sent Plaintiff a fax with the payoff information without an attached explanation that the payoff information was also being sent to Orange Coast in response to their written demand. Compl. Ex. A. Plaintiff may have thus been understandably confused by Defendant's subsequent

---

[3] Plaintiff filed a second, unauthorized, opposition. Dkt. No. 18. Defendant objects to this unauthorized filing. Dkt. No. 19. The Court informs Plaintiff that after filing his first opposition, he was not permitted to file a second opposition without prior Court approval. *See* Civ. L.R. 7-3(d). Accordingly, the Court will disregard Plaintiff's unauthorized opposition, but the Court also notes that Plaintiff's arguments in the second opposition reiterate those in his first opposition and would not alter the Court's analysis.

6

message that Orange Coast had paid off his mortgage. Compl. Ex. E. However, Plaintiff fails to adequately allege how Defendant's poor communication with him gives rise to a negligence or breach of contract claim.[4] This is especially true given Defendant's persuasive argument that it was required to provide the payoff information to Orange Coast under § 2943(c). Accordingly, the Court finds that Defendant's legally-required response to Orange Coast's demand for payoff information does not give rise to a negligence or breach of contract claim as currently alleged by Plaintiff.

## IV. CONCLUSION

The Court **GRANTS** the motion to dismiss. The Court will, however, provide Plaintiff **LEAVE TO AMEND**. If Plaintiff chooses to amend his complaint, he should pay particular attention to the required elements of negligence and breach of contract claims under California law.[5] Plaintiff may not add any new causes of action or defendants to an amended complaint, and any amended complaint must be filed within 21 days from the date of this Order.

**IT IS SO ORDERED.**

Dated: 6/3/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[4] It is also unclear what, if any, legally-cognizable interest Plaintiff maintained in the property following BoA's foreclosure.

[5] "The elements of a negligence cause of action are the existence of a legal duty of care, breach of that duty, and proximate cause resulting in injury." *Castellon v. U.S. Bancorp* 220 Cal. App. 4th 994, 998 (2013) (citations omitted). To state a claim for breach of contract, a plaintiff must allege: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall Street Net., Ltd. v. N.Y. Times Co.* (2008) 164 Cal. App. 4th 1171, 1178.

7